UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Abed MUSTAFA** | ) | |
| **(A 29 429 899)** | ) | FILED: MAY 8, 2008 |
| | ) | 08CV2677   EDA |
| **Plaintiff,** | ) | JUDGE CASTILLO |
| | ) | MAGISTRATE JUDGE MASON |
| vs. | ) | |
| | ) | |
| **Michael B. MUKASEY,** | ) | Civ. No. _____ |
| Attorney General of the United States; | ) | |
| **Michael CHERTOFF,** | ) | |
| Secretary, Department of Homeland | ) | **COMPLAINT FOR MANDAMUS** |
| Security; | ) | **AND OTHER RELIEF** |
| **Jonathan SCHARFEN,** | ) | |
| Acting Director, U.S. Citizenship and | ) | |
| Immigration Services; | ) | |
| **Ruth DOROCHOFF,** | ) | |
| District Director, U.S. Citizenship and | ) | |
| Immigration Services; and | ) | |
| **Robert S. MUELLER, III,** | ) | |
| Director, Federal Bureau of | ) | |
| Investigation; | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

This suit complains that the various defendants have unreasonably delayed and refused to perform legally required non-discretionary ministerial actions to complete the processing of Abed Mustafa's properly filed and approvable application for adjustment of status based on his 1997 marriage to a U. S. citizen, Noura Mustafa. The application has been pending for over 10 years.

**Jurisdiction and venue.**

1. The Court has subject matter jurisdiction in this action pursuant to the following statutory provisions: 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361

1

(mandamus jurisdiction). *See Iddir v. INS,* 301 F.3d 492, 500 (7th Cir. 2002) ("[t]he relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time.")

2. This action also falls under 5 U.S.C. § 551 *et seq.* (Administrative Procedures Act) to compel agency action unlawfully withheld or unreasonably delayed.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e). The Defendants are officers or employees of the United States or agencies of the United States acting in their official capacity. The Plaintiff resides in this district and no real property is involved in this action. The events or omissions giving rise to the claim largely occurred in this district in that the Chicago District Office of the U.S. Citizenship and Immigration Services is responsible for processing the application for adjustment of status and interviewing the plaintiff.

**Parties.**

4. Plaintiff Abed MUSTAFA is a 45 year old Palestinian national. He was born in what is now the West Bank of Israel. However because of his Palestinian nationality, he is not entitled to Israeli citizenship. He is currently stateless. Mr. Mustafa is married to Noura Shuman Mustafa, a U.S. citizen, and resides with her within the jurisdiction of this Court.

5. Defendant Michael B. MUKASEY is sued in his official capacity as the Attorney General of the United States. The Attorney General has the sole authority to adjust the status of persons to that of permanent residents of the United States. *See* 8 U.S.C. § 1255.

6. Defendant Michael CHERTOFF is sued in his official capacity as the Secretary of the Department of Homeland Security. The Secretary of Homeland Security is responsible

for the administration and enforcement of laws related to the immigration of foreign nationals. *See* 8 U.S.C. § 1103(a)(1)

7. Defendant Jonathan SCHARFEN is sued in his official capacity as the Acting Director of the U.S. Citizenship and Immigration Services (CIS). He is responsible for the administration of the CIS, the agency under the Department of Homeland Security that adjudicates applications for adjustment of status.

8. Defendant Ruth DOROCHOFF is sued in her official capacity as the District Director of the U.S. Citizenship and Immigration Services (CIS) for the Chicago District. She is responsible for the administration of the CIS in the Chicago District.

9. Defendant Robert S. MUELLER, III is sued in his official capacity as the Director of the Federal Bureau of Investigation (FBI). He is ultimately responsible for conducting background checks on applicants for adjustment of status when requested by the CIS.

**Statement of the facts.**

10. Mr. Mustafa initially entered the United States in October 1986. He was paroled into the country indefinitely in January 1990 to assist the United States government in an investigation against an immigration inspector. On May 4, 1996, he married Noura Shuman, a U.S. citizen. The couple has two U.S. citizen children, Majd, born in April 1997, and Aya, born in September 2005. Mrs. Mustafa filed an I-130 petition for an immigrant visa on behalf of her husband in July 1996, and the petition was approved the following December. In October 1997, Mr. Mustafa applied to legacy Immigration and Naturalization Service (INS) to adjust his status to that of a lawful permanent resident.

11. Because of a 1995 conviction for unlawful acquisition and possession of food stamps, INS required Mr. Mustafa to apply for a waiver of inadmissibility before his application

for adjustment of status could be approved. He submitted a Form I-601 Application for Waiver of Ground of Inadmissibility and requested a waiver on the ground that his removal from the country would cause extreme hardship to his U.S. citizen wife and child. The CIS's Chicago Field Office denied the waiver in July 2003, based on a finding that he did not establish extreme hardship, and denied his application for adjustment of status as well.

12. Mr. Mustafa appealed the denial of his waiver request to the CIS's Administrative Appeals Office (AAO) which sustained his appeal on June 16, 2005. The AAO returned his file to the Chicago District Office of CIS, the agency which by then had taken over INS's responsibility for adjudicating applications for adjustment of status.

13. Mr. Mustafa submitted a request for supervisory review of his application for adjustment of status to Marilyn Roraff, a Branch Supervisor at the Chicago District Office, on June 22, 2005. In August 2005, Ms. Roraff acknowledged in a phone conversation with Mr. Mustafa's counsel that she had received his file from the AAO, and that CIS had reopened and would resume processing his application for adjustment of status.

14. In late August 2005, CIS requested that Mr. Mustafa have his fingerprints retaken. He did so on September 1, 2005. A few days later, CIS issued a Request for Evidence on his application for adjustment of status, asking him to submit an updated affidavit of support. Mr. Mustafa responded to this request on September 22, 2005 and provided a new affidavit of support from his wife as well as an affidavit of support from a joint sponsor, Mujahed Ziyah.

15. On October 7, 2005, Mr. Mustafa's counsel sent a follow-up inquiry by fax to Ms. Roraff explaining that Mr. Mustafa had responded to the Request for Evidence and fingerprint

4

request and asking that CIS close out Mr. Mustafa's case and approve his application for adjustment of status. CIS responded on October 17, 2005 and stated that Mr. Mustafa's case was still pending an FBI background check.

16. On November 18, 2005 and January 11, 2006, Mr. Mustafa's counsel sent inquiries by fax to Ms. Roraff requesting that she expedite the adjudication of Mr. Mustafa's application for adjustment of status. CIS responded on February 10, 2006 and stated that, although it had completed the interview on Mr. Mustafa's application, it could not make a decision on his case because required security checks were not complete.

17. Mr. Mustafa's counsel sent additional inquiries to Ms. Roraff by fax on February 14, 2006, April 10, 2006, and June 15, 2006. In all of these inquiries, Mr. Mustafa's counsel asked that adjudication of his application for adjustment of status be expedited.

18. On June 27, 2006, Mr. Mustafa's counsel spoke to Ms. Roraff by phone and was told that his application was pending a name check and that there was nothing more she could do. She advised counsel to direct future inquiries to the officer in charge of Mr. Mustafa's case, Officer O'Reilly.

19. On August 18, 2006, Mr. Mustafa's counsel sent an inquiry by letter to Officer O'Reilly and again asked that adjudication of Mr. Mustafa's case be expedited.

20. However, on September 19, 2006, Mr. Mustafa's counsel was told in a telephone conversation with Ms. Roraff that Officer O'Reilly had been transferred to another department and was no longer handling Mr. Mustafa's case. When counsel asked who the case had been reassigned to, Ms. Roraff said that she would have to find out and call counsel back. Ms. Roraff called back the next day to say that the case had not been reassigned yet and was still pending a name check.

21. On November 8, 2006, Mr. Mustafa's counsel sent a letter of inquiry and a request to expedite to Robert Blackwood, the CIS Adjudications Branch Chief at the Chicago District Office. Counsel did not receive a response to this inquiry until April 11, 2007 when Fairy D. White, a Supervisory Program Specialist at CIS's Customer Assistance Office, sent a letter stating only that the case was "under further review by an adjudicating officer."

22. Mr. Mustafa's counsel continued to try to inquire about his application with Mr. Blackwood, sending email inquiries on January 12, 2007 and May 1, 2007. In both cases the only response counsel received was an email stating that Mr. Mustafa's case was "under further review."

23. In addition to these efforts, Mrs. Mustafa sought constituent assistance from the office of U.S. Senator Richard Durbin. She was told that the Senator's office could not inquire with the FBI about the status of a pending name check.

24. CIS's failure to adjudicate this application for adjustment of status for the past 10 years, and for almost 3 years since the AAO remanded the file to CIS, is causing Mr. Mustafa ongoing significant hardship. As long as his application for adjustment of status remains pending, he cannot travel abroad without advance permission from CIS. He is also unable to accrue time to apply for naturalization as a U.S. citizen.

25. In addition, Mr. Mustafa is subject to an order of removal issued in September 1997, before he filed his application for adjustment of status. Because of his status as a stateless Palestinian, however, he cannot be removed to any country. Nevertheless, as a result of the removal order, in April 2004, Mr. Mustafa was detained by Immigration and Customs Enforcement (ICE) for approximately four months. ICE agents came to his

home at five o'clock in the morning and arrested him in front of his wife and then seven year old son.

26. Although Mr. Mustafa was ultimately released, he remains under an ICE order of supervision. This order of supervision currently requires him to report by phone once a month and to report to ICE in person every two months. He cannot travel outside of Illinois, Wisconsin, or Indiana for more than 48 hours without notifying ICE in advance.

27. ICE has said that it will cancel the order of supervision when Mr. Mustafa's application for adjustment of status is approved. However, until then, Mr. Mustafa is significantly inconvenienced. He must regularly miss work to attend the required supervision appointments, and he and his family live in fear that he will be arrested again and removed before his application can be adjudicated.

28. Mr. Mustafa has exhausted his administrative remedies and has no hope that the defendants will ever complete administrative processing of his application. It has now been more than ten years since he initially applied for adjustment of status and almost three years since his application was sent back to CIS by the AAO. He is suffering ongoing hardships that include: being unable to travel freely; being subjected to an ICE order of supervision that requires him to continually report his whereabouts to the government; being in constant fear that he will be detained and removed by ICE; and being deprived of the benefits of lawful permanent resident status, including accruing time to apply for naturalization as a U.S. citizen.

**Causes of action.**

Count 1: Mandamus - For completion of background checks and adjudication of adjustment of status application.

29. This cause of action is brought against Defendants Mukasey, Chertoff, Scharfen, Dorochoff, and Mueller as officials who are responsible for processing Mr. Mustafa's application for adjustment of status and/or completing the background check in his case.

30. Mr. Mustafa has established that: (1) he has a clear right to have his adjustment of status application adjudicated within a reasonable amount of time; (2) the Defendants have a clear duty to complete his background checks and adjudicate his application within a reasonable amount of time; and (3) no other adequate remedy is available. *See Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002).

31. Mr. Mustafa is statutorily eligible in all respects to have his adjustment of status application approved. The CIS's own Administrative Appeals Office granted his request for a discretionary waiver of inadmissibility for his sole conviction from more than 12 years ago in 1995, and no other grounds of inadmissibility apply. The defendants have no substantive reason to deny or further delay the adjudication of his application.

32. Defendants owe a duty to Mr. Mustafa to complete his background check and process his application in a timely manner. Mr. Mustafa has the right to have this background check completed and to receive a decision on his adjustment of status application in a timely manner. Completing the background check and adjudicating the application are ministerial acts that do not involve the exercise of discretion. Defendants have the ability to complete these acts quickly, and there is no reason for defendants to continue to delay completing them.

33. Defendants are violating their duty by refusing to complete Mr. Mustafa's background check in a reasonable amount of time, by failing to communicate the results of such background checks to the CIS, and by failing to proceed with the adjudication of his application for adjustment of status.

34. Mr. Mustafa has exhausted all available administrative remedies and sought to resolve the matter informally with defendants as described in paragraphs 13-23.

Count 2: Administrative Procedures Act - Request for completion of background checks and adjudication of adjustment of status application within a reasonable time period.

35. Mr. Mustafa's second cause of action arises under the Administrative Procedures Act (APA). *See* 5 U.S.C. § 551 *et seq.* Defendants have unreasonably delayed his case, have failed to complete the necessary background checks in his case, and have failed to adjudicate his adjustment of status application. *See* 5 U.S.C. §§ 555(b) ("…within a reasonable time, each agency shall proceed to conclude a matter presented to it.") and 706(1) (authorizing a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed").

36. On information and belief, the CIS's own internal policies restrain it from adjudicating Mr. Mustafa's application until the FBI has completed its investigation. But the Immigration and Nationality Act's provisions do not require Mr. Mustafa to wait an indefinite amount of time to have his adjustment application adjudicated. *See e.g. Iddir v. INS,* 301 F.3d 492, 499-500 (7th Cir. 2002) (holding that "[t]he relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time."); *Tang v. Chertoff,* 493 F. Supp.2d 148 (D. Mass. 2007); *Ibrahim v. Chertoff,* No. 06-cv-2071, 2007 U.S. Dist. LEXIS 38352 (S.D.

Cal. May 24, 2007); *Aboushaban v. Mueller,* No. C 06-1280, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. Oct. 24, 2006).

37. Mr. Mustafa needs to have his background check completed and his adjustment of status application adjudicated in a reasonable period of time. He is suffering from legal disabilities and actual personal hardships until this is done.

<u>Prayer for relief</u>

WHEREFORE, Plaintiff, Abed Mustafa, prays that:

1. The Court compel Defendants and those acting under them to perform their duty to complete Mr. Mustafa's background checks and adjudicate his adjustment of status application within a reasonable period of time specified by this Court; and

2. The Court grant such further relief, including attorney fees and costs of this action, as may be just, lawful, and equitable.

Filed: May 8, 2008

s/Scott D. Pollock_____
Scott D. Pollock
Attorney for Abed Mustafa

Scott D. Pollock & Associates, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
Telephone: (312) 444-1940
Fax: (312) 444-1950